E. J. HART et al. *v.* E. CANNON.

A person against whom judgment has been rendered, cannot enjoin it, for the purpose of pleading compensation by way of exception, unless he acquired the claims he wishes to plead, after the judgment against him was rendered.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Ogden & Leovy*, for plaintiffs and appellants. *Hunt* and *Bright*, for defendant.

SPOFFORD, J. *Elijah Cannon* obtained a judgment against *E. J. Hart*, for $1,000, with interest and costs. The case stood on default for nearly two years, and no answer was ever filed.

When execution issued, the firm of *E. J. Hart & Co.* brought this suit, praying an injunction against the execution, on the ground that the former judgment, though nominally against *Hart* alone, was really for a debt due by *Hart & Co.*, the firm of which he was a member; and that *Cannon* was indebted to that firm, anterior to his suit against *Hart*, in divers sums which they now pray leave to compensate against the said judgment, to the extent of $698 51, for which they also pray judgment.

These proceedings are extremely irregular.

The debt against *E. J. Hart*, was merged in a judgment, and cannot, without subverting elementary principles, be compensated by the unliquidated accounts of *E. J. Hart & Co*, against *Cannon*. C. C. 2205. *Phelps* v. *Stone*, 3 An. 617, &c.

The latter adjudications are also clear, that a person against whom judgment has gone, cannot enjoin for the purpose of pleading compensation by way of exception, unless he acquired the claims he wishes to plead after the judgment against him was rendered. *De Lizardi* v. *Hathaway*, 8 R. 22. *Morgan* v. *Driggs*, 3 An. 124, &c. C. P. 373.

The injunction should have been wholly dissolved, and the appellee's prayer, for an amendment, must be allowed.

But as there is a prayer for judgment against *Cannon* for the sum claimed by *E. J. Hart & Co.*, it is proper to allow that relief so far as it is sanctioned by the evidence.

We concur with the District Judge's opinion, that only the sums of $116.90, for insurance, and $140 69, for groceries, have been established.

It is therefore ordered and decreed, that the judgment of the District Court be reversed. It is further ordered, adjudged and decreed, that the injunction

'sued out by the plaintiffs against the execution issued on the judgment of *E. Cannon* v. *E. J. Hart & Co.*, be wholly dissolved, at the plaintiffs' costs ; and that said *Cannon* recover of the plaintiffs, *E. J. Hart & Co.* and their surety, *J. L. Levy*, *in solido*, the sum of one hundred and fifty dollars as damages. And it is further ordered, adjudged and decreed, that the plaintiffs recover of *E. Cannon*, the sum of two hundred and fifty-seven dollars and fifty-nine cents, with legal interest from judicial demand, (7th December, 1852,) until paid, and all the costs in the District Court, except those growing out of the injunction. It is further ordered, that the costs in this court, be paid by the plaintiffs and appellants.